## Smith *vs.* Borst.

In an action for a breach of warranty on the sale of a pair of horses, the war-
ranty was shown to have been a qualified and conditional one, involving the
necessity of the plaintiff's following the condition, viz., to treat the defect
(a bunch on the leg) with salt and vinegar. *Held* that the plaintiff was
bound so to treat it, and this was a good excuse for refusing to try another
treatment, which might hazard the effect of the warranty.

And the plaintiff having proved that he called a horse farrier to examine the
bunch, who gave him an opinion as to how he should treat it, the defendant,
to show that the failure to cure the bunch was owing to the negligence of
the plaintiff, proved by the farrier, on cross-examination, that the plaintiff
did not pursue his advice, and for that reason no cure was effected. *Held*
that, to rebut the effect of this evidence, it was not erroneous for the plain-
tiff to prove, by the farrier, that after he had told the plaintiff what course
he should pursue, to effect a cure, the latter said he had no right to pursue
that course; as he had been instructed, by the man of whom he bought the
horse, to use salt and vinegar, to cure the bunch.

THIS was an action for a breach of warranty in the sale
of a pair of horses, and was tried at the Schoharie cir-
cuit. All the questions that arise in the case are upon the
rulings of the justice, in the admission or rejection of evi-
dence on the trial. The exceptions were ordered to be
heard, in the first instance, at the general term.

*Mayham & Krum,* for the plaintiff.

*Hinman Brothers* and *N. C. Moak,* for the defendant.

*By the Court,* P. Potter, J. I have examined, with a
good deal of care, the various exceptions taken to the
ruling of the learned judge on the trial. They are numer-
ous as is usual on the trial of a case of breach of warranty in
a horse trade ; and it may be stated, generally, that none of
them possess such clear merit on the ground of error, as
to demand a new trial. The strongest points urged by the
appellant arose under the following circumstances. One
of the breaches complained of was, upon the defendant's

statement as to a swelling upon the leg of one of the horses, as follows: The defendant being called upon to say whether the horses were "all right," offered to warrant them so, but then drew the attention of the plaintiff to a bunch upon the leg of one of the horses. The plaintiff testifies: "I said if that's the case, I don't want her with a bunch on; defendant told me she hurt it the day before in the woods; then I told him if he would warrant her leg to get all right, or make it right; he told me he would warrant her leg to get all right, or he would make it right; make a fair recompense for it; he told me what to use on her leg; to use salt and vinegar." This testimony, if true, it is seen, created first, a general warranty; and a special warranty as to the bunch on the leg, qualified by a direction as to the means of curing this bunch. While treating this bunch, in the manner directed by the defendant, the plaintiff called a horse farrier to examine it, who gave him an opinion as to how he should treat this leg bunch. To show that the failure to cure this bunch, was owing to the negligence of the plaintiff, the defendant, on cross-examination of this farrier, proved that the plaintiff did not pursue his advice, and for that reason no cure was effected. To rebut the effect of this evidence, the plaintiff's counsel put this question to the witness: "What reason did he give for not adopting your treatment, on that day?" This was objected to by the defendant; the objection overruled; and an exception taken. The answer was: "After I told him what course I should pursue, he said he had no right to pursue that course; he had been instructed by the man he bought her of to use salt and vinegar, and in a few days it would all be gone." A motion was made to strike out this evidence; overruled, and the defendant excepted. Had this been affirmative evidence on the part of the plaintiff to prove the plaintiff's declarations, it would be clearly error. And I think it extremely doubtful whether, under any circum-

Smith *v.* Borst.

stances, if it had been material, direct evidence, it could be justified. But in this case if any warranty was proved, as I think there was, it was a qualified and conditional warranty, involving the necessity of following the condition, to wit, to treat this defect with salt and vinegar, to effect a cure ; he was bound so to treat it, and it was a good excuse, therefore, for not leaving off that treatment, and following another, which might hazard the effect of his warranty. His reply, therefore, was only saying what the law directed him to do ; and as it was introduced to rebut the charge of negligence on his part, in not following the farrier's advice, which was urged against him, I do not think it error, under the circumstances. What he said was consistent with his legal duty under the warranty, and was the explanation of what otherwise might be charged as neligence. It was the defendant who, by his cross-examination, had placed him in the dilemma of making the explanation, and though no explanation was necessary or material, because the law made it for him, the testimony did no harm, and was immaterial. I regard this as the most material point raised in the case; and without discussing the others severally, I think judgment should be entered upon the verdict.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, September 5, 1871. *P. Potter* and *Parker*, Justices.]